THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RONALD MICHAEL HILL,<br>　　　　Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:12-CV-869-Y |
| | § | |
| WILLIAM STEPHENS, Director,[1]<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>　　　　Respondent. | §<br>§<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Ronald Michael Hill, TDCJ #1356336, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

---

[1] Effective June 1, 2013, William Stephens succeeded Rick Thaler as the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Director Stephens is "automatically substituted as a party." FED. R. CIV. P. 25(d)

Respondent William Stephens is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

Petitioner is serving a life sentence for his 2006 conviction for murder in the 396th District Court of Tarrant County, Texas. (Pet. at 2) Petitioner appealed his conviction, to no avail. (Pet. at 4) In 2008 petitioner filed a state habeas application challenging the conviction, which remains pending at this time. (Resp't MTD, Exs. A & B) Petitioner's original court-appointed habeas counsel died, and on March 22, 2012, the state trial court appointed new counsel to represent petitioner in the state habeas proceedings. (Resp't MTD at 4 & Ex. C) On March 26, 2013, the state habeas court ordered that "any additional evidence, proposed findings or memoranda be submitted to the Court on or before April 15, 2013[,]" and indicated that "[t]hereafter, the Court will consider the record closed and will proceed to a decision in this matter." (Resp't MTD, Ex. D) This is petitioner's third federal petition challenging the same murder conviction. The first two were dismissed without prejudice on exhaustion grounds.

## D. Rule 5 Statement

Respondent has now filed a motion to dismiss this third petition on exhaustion grounds. (Resp't Ans. at 3-5) 28 U.S.C. § 2254(b)-(c). Petitioner has filed a motion to waive the exhaustion requirement due to the state court's unjustified and inordinate delay in resolving his state habeas application. (Attach. to Pet.)

## E. Exhaustion of Remedies in State Court

As petitioner is well aware, having been in this position twice before, applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting

2

federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[2]; *Fisher v. Texas*,169 F.3d 295, 302 (5th Cir. 1999). A Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims in a procedurally correct manner to the Texas Court of Criminal Appeals in either a properly filed petition for discretionary review or state habeas corpus application under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995).

The record substantiates respondent's assertion that, although petitioner has filed a state habeas application in the trial court, the application has not been forwarded to and considered by the Texas Court of Criminal Appeals. *See* Texas Court of Criminal Appeals's website, *available at* http://www.cca.courts.state.tx.us. Consequently, the state's highest court has not been afforded a

---

[2]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

fair opportunity to consider and rule on the merits of petitioner's claims, and the claims are unexhausted for purposes of federal habeas review. However, the "exhaustion of state habeas remedies is not a jurisdictional prerequisite and, as a result, may be waived by the State." *Earhart v. Johnson*, 132 F.3d 1062, 1065 (5th Cir. 1998).

Respondent has asserted the defense, and although, the delay in resolving petitioner's state habeas application is clearly excessive, there were several reasons for the delay: petitioner's first court-appointed habeas counsel died and new counsel was not appointed until March 22, 2012, and petitioner filed a motion for DNA testing in the trial court, which was not resolved until September 13, 2012.[3] (Resp't MTD at 4) *See Barker v. Wingo*, 407 U.S. 514, 530 (1972). Further, it is clear that petitioner's state habeas action is near completion.

Accordingly, absent a showing that no state remedies are available or that available remedies are inadequate, petitioner cannot now proceed in federal court in habeas corpus. Petitioner must first pursue his state habeas corpus remedies through completion before seeking relief under § 2254. Accordingly, dismissal of this petition for lack of exhaustion is warranted so that petitioner can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[4]

## II. RECOMMENDATION

It is therefore recommended that the petition be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply. All

---

[3] The undersigned takes judicial notice of the state court records filed in petitioner's previous federal habeas actions.

[4] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

pending motions not previously ruled upon, including petitioner's motion to waive the exhaustion requirement should be denied.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October _15_, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October _15_, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing

5

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September __24__, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE